404 F.2d 52
 Lena F. PACE, an Individual, Appellant,
v.
The FIRST NATIONAL BANK OF OSAWATOMIE, KANSAS, a
Corporation, and Betty Jane Hartley, as
Administratrix of the Estate of Vesta
Crayton, Deceased, Appellees.
 No. 9860.
 United States Court of Appeals Tenth Circuit.
 Nov. 27, 1968.
 
 Albert O. Kiesow, Kansas City, Kan., for appellant.
 Willard L. Phillips, Kansas City, Kan., (P. B. McAnany, Thos. M. Van Cleave, Jr., James J. Lysaught, John J. Jurcyk, Jr., Bill E. Fabian and Robert E. Fabian, Kansas City, Kan., on brief) for appellee First Notional Bank of Osawatomie, Kansas.
 Willis H. McQueary, Osawatomie, Kan., for appellee Betty Jane Hartley.
 Before MURRAH, Chief Judge, and BREITENSTEIN and HILL, Circuit Judges.
 BREITENSTEIN, Circuit Judge.
 
 
 1
 Appellant-plaintiff Lena F. Pace claims two Kansas bank accounts on the ground that she is a surviving joint tenant. The trial court held that she was not and dismissed the action. Jurisdiction is based on diversity.
 
 
 2
 Plaintiff Lena Pace and decedent Vesta Crayton were friends of long standing. Vesta, who lived in Kansas, was in poor health. She owned property in California which was sold through the efforts of Lena acting under a power of attorney. A check for the cash proceeds of the sale, $27,021, was sent to Vesta. At the request of Vesta, Lena opened two accounts in a Kansas bank, a checking account for $5,000 and a savings account for the balance. Lena told the bank president that she wanted the accounts set up so that she culd write checks to pay Vesta's hospital or doctor bills. The banker produced a 'Depositor's Contract and Signature Card.' Lena signed it, later secured Vesta's signature, and returned the card to the bank. There was no communication between Vesta and the bank other than that through Lena.
 
 
 3
 About two weeks later Vesta discussed her impending hospitalization with Lena, Handed Lena the bank book and deposit slip reflecting the two accounts and said: 'Lena, these are yours. * * * In case I don't go through with the surgery all right, everything don't work out all right, it is yours to do as you please with.' Lena testified that her understanding was that the money was given to her on the contingency of death and that if Vesta recovered, the money was still hers (Vesta's). Vesta died five days later. Before her death there were no additional deposits to, or withdrawals from, the accounts. Lena tried to draw on the checking account to pay the funeral expenses and payment was refused. Later Lena tried to withdraw all of each account and was refused the right to do so.
 
 The signature card in pertinent part read:
 
 4
 'Dated 5-2-64. The Bank is authorized to recognize any of the signatures subscribed below in payment of funds or the transaction of any business for this account.
 
 
 5
 Here insert in Writing Whether Account is Individual; Joint; Partnership; or Corporation ----------.'
 
 
 6
 The blank was never filled in. The banker testified that he did not know what kind of an account was desired.
 
 
 7
 The applicable Kansas statute[1] says that a joint tenancy is not created unless the language used in the grant 'makes it clear that a joint tenancy was intended to be created.' The pertinent Kansas law is summarized in Edwards v. Ledford, 201 Kan. 518, 441 P.2d 834. With reference to bank accounts, the court said, Id. at 840, that 'the terms of the contract of deposit must clearly indicate that a joint tenancy was intended.'
 
 
 8
 If the contract claimed to create the joint tenancy, here the signature card, is ambiguous, parol evidence may be received.[2] Because of failure of a designation on the signature card of the type of account intended, the trial court received and considered parol evidence. The court found that even if the testimony of the plaintiff Lena is given the inferences most favorable to her, it 'does not disclose an intention or direction from the decedent as the owner of the accounts or the potential grantor to set up joint tenancy accounts, or for that matter, any type of account, in which it was intended taht the plaintiff have a property right.' We agree. Vesta made no grant of any kind. Her only dealings with the bank were through her agent Lena. Nothing shows the clear intent which the Kansas statute and decisions require. Indeed, the intent of the decedent was never made known. The plaintiff testified that at the time she opened the accounts she claimed no interest in or right to the money. The fact that there was no grant of any kind negatives the claim of both joint tenancy and tenancy in common.
 
 
 9
 The acts and words of the decedent on the night before she went to the hospital made no valid disposition of the property as a gift inter vivos. The gift was not absolute and unconditional because the plaintiff testified that the money would be Vesta's if she lived.
 
 
 10
 Affirmed.
 
 
 
 [1]
 Kan.Stat.Ann. 58-501 provides that: 'Real or personal property granted or devised to two or more persons including a grant or devise to a husband and wife shall create in them a tenancy in common with respect to such property unless the language used in such grant or devise makes it clear that a joint tenancy was intended to be created: * * *.'
 
 
 [2]
 See Simonich v. Wilt, 197 Kan. 417, 417 P.2d 139, 145. Cf. Smith v. Blubaugh, 199 Kan. 89, 427 P.2d 443, 448